<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PETER DIXON, | Civil Action No. 19-10205 (SRC) |
| Plaintiff, |  |
|  | **OPINION** |
| v. |  |
| COMMISSIONER OF SOCIAL SECURITY, |  |
| Defendant. |  |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff Peter Dixon ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning July 13, 2015. A hearing was held before ALJ Beth Shillin (the "ALJ") on November 21, 2017, and the ALJ issued an unfavorable decision on March 28, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of March 28, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations. At step four, the ALJ also found Plaintiff was unable to perform his past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on several grounds, but this Court need only reach the argument that succeeds: the ALJ's decision at step four is not sufficiently explained to be amenable to judicial review.

The ALJ's decision contains a wealth of detail about the medical evidence. At step four, the ALJ reviewed the medical evidence of record, and then stated:

> Based on the above, I find that the claimant has the following residual functional capacity: The claimant can perform light work (lift and carry 20 pounds occasionally and 10 pounds frequently; stand/walk 6 hours in an 8-hour day; and sit 6 hours in an 8-hour day).

(Tr. 24.) Plaintiff argues, persuasively, that the explanation for this determination is inadequate, pursuant to Burnett. Having reviewed the ALJ's decision, this Court agrees: the Court finds that the decision gives no explanation of why the ALJ concluded, from the evidence of record, that Plaintiff retains the residual functional capacity for light work. This Court cannot review a step four determination without an explanation of the reasoning.

The Commissioner's opposition brief glosses over Plaintiff's argument and the issue of the adequacy of the ALJ's explanation. The Commissioner, in essence, simply repeats in

summary form what the ALJ wrote at step four, without addressing Plaintiff's argument. The Court finds that the Commissioner has failed to effectively oppose Plaintiff's argument.

Under Third Circuit law, an ALJ need not "use particular language or adhere to a particular format in conducting his analysis," as long as "there is sufficient development of the record and explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004). In the present case, the ALJ's decision does not contain sufficient explanation of the RFC determination to permit meaningful review. The ALJ's determination at step four is not amenable to meaningful review and must be vacated, pursuant to Burnett v. Commissioner of SSA, 220 F.3d 112, 119 (3d Cir. 2000). This Court finds no explanation in the decision: "Based on the above," without more, is not an adequate explanation. As the Third Circuit stated in Burnett: "We agree with Burnett the ALJ's conclusory statement in this case is similarly beyond meaningful judicial review." Id. at 119. The failure to satisfy the requirements of Burnett requires that the Commissioner's decision be vacated and remanded.

Furthermore, Plaintiff contends that the step four decision does not meet the requirements stated in Social Security Ruling 96-8p:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

Again, the Commissioner's opposition brief failed to address or oppose this argument. The narrative discussion at step four does not meet the requirements stated in SSR 96-8p, which

provides further support for this Court's decision to vacate this decision and remand the case.

The Court recognizes that the ALJ did discuss the finding of a state agency reviewer that Plaintiff retains the residual functional capacity for light work. (Tr. 23.) The ALJ, however, faulted that evidence as lacking "the benefit of the most recent evidence," and gave it "only partial weight." (Tr. 23.) If in fact this criticized opinion provides the basis for the ALJ's step four determination, that reasoning must be explained so that it can be judicially reviewed.

Moreover, Dr. McLarnon, the state agency reviewer, in her report dated May 13, 2016, in addition to giving the light exertional RFC that the ALJ referenced, also stated that the evidence of record was "not sufficient to make a decision on the claim," and concluded that a consultative examination was required. (Tr. 124.) The ALJ omitted this important fact from the summary of the state agency reviewer's findings but, in the absence of an explanation of the ALJ's reasoning, the Court cannot move to considering the question of whether the ALJ's determination is supported by substantial evidence.

The failure to provide an adequate explanation of the reasoning at step four provides the basis for this Court's decision. In addition, this Court makes the following observations. Plaintiff has a long, well-documented history of orthopedic problems and treatments, with abundant objective medical evidence of a number of significant orthopedic impairments. The Court today vacates the decision based on the inadequacy of the ALJ's explanation, but the Court observes that another of Plaintiff's arguments might have some merit: in the absence of an adequate explanation, the Court wonders whether Plaintiff is correct that the decision is based on the ALJ's lay speculation about the medical evidence. "[A]n ALJ may not make speculative inferences from medical reports." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).

Without having any explanation of the ALJ's reasoning at step four, there is a real possibility that the determination is grounded in such speculative inferences.

Based on the analysis presented, this Court concludes that the ALJ's residual functional capacity determination is not amenable to meaningful judicial review, pursuant to <u>Burnett</u>.  The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                         s/ Stanley R. Chesler
                                       STANLEY R. CHESLER, U.S.D.J.

Dated:   August 13, 2020